**SO ORDERED.**

**SIGNED this 25 day of October, 2013.**



_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| KIMBERLY N. MITCHELL, | CASE NO. 11-08880-8-ATS |
| DEBTOR. | CHAPTER 11 |

KIMBERLY N. MITCHELL,

    PLAINTIFF,

v.                                                      ADVERSARY PROCEEDING
                                                                 NO. 13-00043-8-ATS

BRIAN KEITH KEESSEE,

    DEFENDANT.

ORDER GRANTING PERMISSIVE ABSTENTION

    The matter before the court is the motion of defendant, Brian Keith Keesee, to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.  The defendant alternatively requests that if the

1

court finds subject matter jurisdiction, it abstain pursuant to 28 U.S.C. § 1334(c)(1) or (2).  A hearing was held on October 9, 2013, in Raleigh, North Carolina.  The court has subject matter jurisdiction, abstention is not required by 28 U.S.C. § 1334(c)(2), but the court will abstain pursuant to 28 U.S.C. § 1334(c)(1).

Kimberly Nifong Mitchell on November 21, 2011, filed a petition for relief under chapter 11 of the Bankruptcy Code and as debtor in possession filed this adversary proceeding on March 5, 2013, against her former husband Brian Keesee.  Subsequently, on April 30, 2013, the debtor's plan of reorganization was confirmed.

Prior to her bankruptcy, Ms. Mitchell and the defendant, Mr. Keesee, were involved in divorce litigation in the District Court for New Hanover County, North Carolina.  The parties agreed to an equitable distribution of their property and their agreement was entered by the state court as a consent order on May 18, 2011.  As provided in the the consent order, Ms. Mitchell transfered her interest in specific property to Mr. Keesee who agreed to pay Ms. Mitchell $750,000 from any future sale of that property.  The complaint alleges that the defendant breached the agreement by failing to make payment to the plaintiff upon the sale of a portion of the property.  Furthermore, the complaint alleges that Mr. Keesee purchased the

2

note that is secured by the property in an effort to preclude Ms. Mitchell from obtaining proceeds from future sales of the property and unjustly enrich himself.

The defendant argues that this court has no subject matter jurisdiction over the plaintiff's claims and cites a line of North Carolina cases holding that a consent order in a domestic relations lawsuit may be enforced only in that lawsuit by a motion in the cause, not in an independent action. See Fucito v. Francis, 622 S.E.2d 660 (N.C. Ct. App. 2005); Doub v. Doub, 326 S.E.2d 259 (N.C. 1985); Walters v. Walters, 298 S.E.2d 338 (N.C. 1983).  In Walters, the Supreme Court of North Carolina "establish[ed] a rule that whenever the parties bring their separation agreements before the court for the court's approval, [the agreement] will no longer be treated as a contract between the parties."  298 S.E.2d at 342.  Rather than treated as contracts, consent orders are treated as judgments of the court, enforceable by the contempt power of the court.  Id.  "[E]very court approved separation agreement is considered to be part of a court ordered consent judgment."  Id.  The decision in Doub v. Doub, further specified that "[t]he parties to a consent judgment controlled by Walters do not have an election to enforce such judgment by contempt or to proceed in an independent action in contract." 326 S.E.2d 259, 260-61.  Under the Walters rule, a declaratory action to determine the parties'

3

rights and obligations under a settlement agreement incorporated into a consent judgment in a domestic case could not be initiated. Fucito v. Francis, 622 S.E.2d 660, 663-65.

The proceeding brought by Ms. Mitchell is distinguishable from the state court cases cited by the defendant, because Mr. Keesee's alleged postpetition conduct interfered with the administration of the bankruptcy estate and with bankruptcy estate property. These claims represent more than a simple breach of a state court consent order. They are core proceedings that the bankruptcy court can hear and determine, and as such this court's jurisdiction is not preempted by the doctrine described in Walters and its progeny. 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O). See D&B Swine Farms, Inc. v. Murphy-Brown, LLC (In re D&B Swine Farms, Inc.), No. 09-00160-8 (Bankr. E.D.N.C. Jan. 22, 2010) (concluding that alleged postpetition breach of agreement were core matters under 28 U.S.C. § 157(b)).

Also, because the action is a core proceeding, which arises in the bankruptcy proceeding, abstention is not required under 28 U.S.C. 28 U.S.C. § 1334(c)(2); H.D. Supply Waterworks, Ltd. v. Spivey (In re Constr. Supervision Servs., Inc.), 2012 WL 2993891 (Bankr. E.D.N.C. July 20, 2012) (noting the elements for mandatory abstention: (1) a timely motion to abstain is filed; (2) the action is based upon a state law claim or state law

cause of action; (3) the action is "related to" the bankruptcy proceedings and does not "arise in" or "arise under" a case under Title 11; (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334; (5) the action was pending when the bankruptcy was filed; and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction).

Nevertheless, in the interest of comity with State courts and respect for State law, the court will abstain pursuant to 28 U.S.C. 1334(c)(1).

Domestic relations matters are preeminently matters of state law, and where possible, it is preferable that domestic matters be handled in state court. Mansell v. Mansell, 490 U.S. 581, 587 (1989). With this preference in mind, the court turns to the factors relevant to the question of permissive abstention. The twelve factors to consider in a permissive abstention analysis are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issue predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments

5

>   to be entered in state court with enforcement left to
>   the bankruptcy court, (9) the burden of [the
>   bankruptcy court's] docket, (10) the likelihood that
>   the commencement of the proceeding in bankruptcy court
>   involves forum shopping by one of the parties, (11)
>   the existence of a right to a jury trial, and (12) the
>   presence in the proceeding of non-debtor parties.

Gen. Wood Preserving Co. v. Wind Gap Farms (In re Gen. Wood Preserving Co.), L-02-00146-8 (Bankr. E.D.N.C. Dec. 17, 2002) (quoting In re Chicago, Milwaukee, St. Paul & Pac. R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993)).  "Court should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."  In re Chicago, Milwaukee, St. Paul & Pac. R. Co, 6 F.3d at 1189.

   A review of the permissive abstention factors supports permissive abstention.  State law issues predominate over bankruptcy issues.  The law is not difficult or unsettled, and domestic relations are preeminently matters of state law.  There is a related proceeding, the domestic relations lawsuit, pending in the District Court for New Hanover County.  The substance of the core proceeding, rather than the form, involves state law as the complaint alleges a postpetition breach of and interference with a prepetition contract.  Abstention will not affect the efficient administration of the plaintiff's estate as her plan has been confirmed.  While the plan provides that the proceeds from adversary proceedings will fund payments, the adjudication

6

of this matter in state court will not necessarily affect the administration of the estate. Based on these considerations, the court finds cause to permissively abstain from hearing this adversary proceeding.

Accordingly, the defendant's motion to dismiss based on lack of subject matter jurisdiction and request to abstain pursuant to 28 U.S.C. § 1334(c)(2) are **DENIED**. The defendant's request to abstain under 28 U.S.C. § 1334(c)(1) is **ALLOWED**.

**END OF DOCUMENT**

7